(No. 84-CC-0267–)

TERRY L. GRIMES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 2, 1993.*

THOMAS P. NAUGHTON & ASSOCIATES, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim arises from a motorcycle accident which occurred on August 4, 1981, in Will County, Illinois. The Claimant allegedly lost control of the motorcycle he was operating after hitting a hole in the roadway.

The Claimant filed a notice of intent and a verified complaint in 1983. The claim was placed on a general continuance while he pursued an action against John and Ron Excavating. That case was settled for $150,000.

Subsequent to the settlement of the action against the excavating company, the Respondent filed a motion to dismiss in 1985. The basis of the motion to dismiss was that there was a maximum award of $100,000 for tort injuries, and this amount had been exceeded in the underlying civil lawsuit. The Claimant then filed a response to that motion on July 8, 1985.

In May 1987, this Court gave the Respondent 60 days to file a memorandum of law in support of the motion to dismiss and granted the Claimant 120 days from that date to file a memorandum of law in opposition of the motion. The Respondent filed a memorandum of law, but the Claimant then filed a motion to substitute attorneys and for an extension of time. In

October 1987, this Court granted the Claimant leave to change counsel and an extension of time in which to file a responsive memorandum or otherwise plead. The Claimant filed an amended verified complaint instead of a memorandum of law. That complaint attempted to state a cause of action in contract. The Respondent then moved to dismiss that complaint.

In March, 1988, a commissioner of this Court denied a request which had been made by the Respondent for section 2—611 sanctions. He granted the parties additional time to file memoranda of law.

This Court then entered an order denying all motions to dismiss and remanded this case to the commissioner. The Respondent subsequently filed a motion to vacate that order. About two years later, the complete file, along with the motion to vacate, was finally forwarded to the judge assigned to this case.

The Court vacated its previous order of December 1989 and set the matter for oral argument on all pending motions. Oral argument was held on March 24, 1993.

After the hearing at oral argument and reviewing the file, the Court finds as follows:

The underlying civil court settlement of $150,000 exceeded the amount available to the Claimant under a tort theory of action. Therefore, that motion to dismiss on a tort theory should have been granted.

The Claimant attempted to refile a cause of action under contract theory. Unfortunately, the statute of limitations had run. In addition, the Claimant could not make a good faith claim that he was a third-party beneficiary of a contract between the State of Illinois

24

and the excavators. Further, the contract claim did not relate back to the original filing sufficient to take it out of the statute of limitations.

Therefore, this Court grants the motion to dismiss this claim.